IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00242-MSK

LINDSAY GORDY,
CAITLYN GORDY, a minor, by and through
next friend, Amy Gordy,

    Plaintiffs,

v.

SUSAN JANE MACAULAY,
a/k/a Susan Lovitt,

    Defendant.
_____

## ORDER DISMISSING ACTION
_____

**THIS MATTER** comes before the Court *sua sponte*.

At the time this action was commenced, the Defendant was a Debtor in a Chapter 13 proceeding in the Bankruptcy Court. The Plaintiffs filed Proofs of Claim in the Chapter 13 case, alleging that the claims arose from pending litigation by the Plaintiffs against the Defendant in the Colorado District Court for El Paso County. The Defendant then commenced this case by means of a Motion to Withdraw Reference **(# 1)**, requesting that this Court withdraw the reference of her Chapter 13 case to the Bankruptcy Court to allow the El Paso County claims to be "estimated or liquidated."

On April 5, 2006, this Court conducted a hearing **(# 18)** on the Motion to Withdraw Reference. After discussing concerns as to the practicality of proceeding on the case as it was presently framed, the Court set a deadline of April 21, 2006, by which the parties would either

withdraw the Motion the Withdraw Reference or advise the Court that they intend to proceed on that motion.

Neither party filed any substantive document by the April 21, 2006 deadline. On May 5, 2006, the Defendant filed a Status Report **(# 22)**, indicating that the Defendant understood the Court's order to require that, if the parties could not agree to withdraw the motion to withdraw reference, the Plaintiffs would be obligated to file an Amended Complaint in this Court.[1] The Defendant stated that "no agreement to withdraw the Motion for Reference (sic) was reached," and observed that the Plaintiffs had not filed the Amended Complaint. The Defendant advised the Court that, "Barring any further Order of Court, Defendant will proceed to file a Response or Answer to the El Paso District Court Complaint." The Defendant filed an Answer **(# 23)** on May 22, 2006.

On June 20, 2006, the Defendant filed a Notice of Dismissal of Bankruptcy Case **(# 24)**, advising that the Bankruptcy Court had dismissed her Chapter 13 case prior the confirmation of a plan.

As the Court advised the parties on April 5, 2006, its jurisdiction to hear the claims at issue in the El Paso County case arose solely because of the Defendant's pending bankruptcy case. As the Court advised the parties, "if the Chapter 13 case is dismissed at any point along the way, the bankruptcy court loses jurisdiction, as does this court." That prediction has come to pass. Because the bankruptcy proceeding provided the only basis upon which this Court could

---

[1]This is a misunderstanding of the Court's comments at the hearing. If the Defendant intended to pursue the motion to withdraw the reference, she was required to "advise the Court that [she] intend[s] to proceed on that motion." Once that advisement occurred, the Court would then issue an order withdrawing the reference, and the Plaintiffs would <u>then</u> be required to file an Amended Complaint. Because the Defendant never gave the required advisement, the Plaintiff's obligations never matured.

assert subject-matter jurisdiction over the El Paso County claims, the dismissal of that bankruptcy proceeding deprives this Court of jurisdiction to continue in this case. Accordingly, the Motion to Withdraw Reference **(# 1)** is **DENIED** as moot, and this case is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk of the Court is directed to close this case.

Dated this 11th day of August, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge